**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BART STOVER,** | ) | **CASE NOS. 1:04CR298** |
| | ) | **1:07CV377** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **Respondent.** | ) | **AND ORDER** |

      Before the Court is Petitioner Bart Stover's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "2255 Motion").  **(Case No. 1:07cv377 ("Civil Case") ECF No. 1; Case No. 1:04cr298 ("Criminal Case") ECF No. 516.)**  For the following reasons, the Court **DENIES** Stover's 2255 Motion and the case is hereby **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

      Bart Stover was originally charged with several offenses in a nine-count indictment filed June 8, 2004.  (Criminal Case ECF No. 1.)  Following a jury trial, he was found guilty on Count 1, Conspiracy to Possess with the Intent to Distribute Marijuana and Cocaine, and Count 45, Use of a Communication Facility to Facilitate the Commission of Drug Trafficking Offense, Aiding, and Abetting.  (Criminal Case ECF No. 395-2.)  The Court

sentenced Stover to 240 months of incarceration on Count 1 and 48 months of incarceration on Count 45, the sentences to run concurrently, followed by 10 years of supervised release.  (Id.) Stover now challenges the constitutionality of his convictions, claiming that ineffective assistance of counsel and prosecutorial misconduct occurred, and that he was sentenced under an unconstitutional statutory provision.

## II.  ANALYSIS

Under 28 U.S.C. § 2255,[1] a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  *Id.*  To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing § 2255 Proceedings requires the judge to whom the case is assigned to promptly make a preliminary examination of the motion, records, and transcripts relating to the judgment under attack.  Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or

---

[1]All references to United States Code Sections contained herein are to the 2007 edition.

> other response within a fixed time, or to take other action the judge
> may order.

*Id.*  Accordingly, the Court has promptly examined Stover's 2255 Motion, the record in the underlying criminal case and the case law, and finds that Stover is not entitled to relief.

Claims of ineffective assistance of counsel are analyzed under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the defendant must show that counsel's performance fell below an objective standard of reasonableness.  This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that there is a reasonable probability that, but for counsel's deficiency in this regard, the outcome of the proceedings would have been different.  This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial – a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the "conviction resulted from a breakdown in the adversary process that renders the result unreliable."  *Strickland*, 466 U.S. at 694.

When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687-88.  In doing so, the proper measure of attorney performance simply remains reasonableness under prevailing professional norms.  *Id.* Thus, in any case presenting an ineffectiveness claim, the performance inquiry must rest on whether counsel's assistance was reasonable considering all of the circumstances.  *Id.* Such a review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional

-3-

assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

   In the case at bar, Stover argues that he was denied effective assistance of counsel, both at trial and on appeal.  More specifically, Stover claims that his trial counsel neglected to challenge his indictment for its failure to state a federal felony crime, and that his appellate counsel was ineffective for not raising this argument on appeal.  Stover asserts that Title 21 of the United States Code is a "non-positive law," and as such, it fails to meet the constitutional requirements of the Fifth and Sixth Amendments.  (See Civil Case ECF No. 1, 4: ¶ 12.)  Stover also claims that his appellate counsel failed to raise arguments on appeal related to his sentence enhancement based on his prior conviction.  He further claims that "prosecutorial misconduct" occurred during his trial, because the prosecutor was allowed to "file charges that constitute an unlawful act that does not define or violate any crime of a felony degree, capital or imfamous (sic)."  (See Civil Case No. 1, 5: ¶ 7(a).)  Stover's claims are meritless.

   Positive law is defined as "a system of law promulgated on and implemented within a particular political community by political superiors, as distinct from moral law or law existing in an ideal community or in some nonpolitical community.  Positive law typically consists of enacted law – the codes, statutes, and regulations that are applied in the courts." BLACK'S LAW DICTIONARY "positive law" (8th ed. 2004).  The statutes in question, 21 U.S.C. §§ 846, 843, and 841, were duly passed by Congress and signed by the President.[2]  As such, these

---

[2]21 U.S.C. § 841 was enacted October 27, 1970, and became effective July 1, 1971.  It has been duly amended numerous times since.  21 U.S.C. § 841.

21 U.S.C. § 843 was enacted October 27, 1970, and became effective July 1, 1971.  It has been duly amended numerous times since.  21 U.S.C. § 843.

21 U.S.C. § 846 was enacted October 27, 1970, and became effective July 1, 1971.  It was

-4-

laws have been properly enacted by the federal government, and constitute the law applicable in United States courts.  Therefore, they are by definition positive laws, and any contention to the contrary by Stover is incorrect.

Stover also incorrectly states that the penalties under which he was sentenced are not contained in the statutes themselves.  Title 21, § 846, United States Code provides: "Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  21 U.S.C. § 846.  Title 21, § 841(a), United States Code makes it unlawful to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  21 U.S.C. § 841(a).  Stover was convicted of conspiring to possess with intent to distribute cocaine and marijuana, i.e. controlled substances the distribution of which § 841(a) outlaws.  Accordingly, the punishment for Stover's conspiracy conviction is found under 21 U.S.C. § 841(b)(1)(A), the penalty scheme provided for violations of § 841(a).  Title 21, § 841(b)(1)(A), United States Code, in turn, explicitly provides that a person found guilty of violating § 841(a) "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . ., a fine [of a certain amount applicable to the defendant's circumstances], or both."  21 U.S.C. § 841(b)(1)(A).  Stover was sentenced to a term of 240 months imprisonment, which is well within the range of "not less than 10 years or more than life."

---

amended once, on Nov. 18, 1988, when the language "shall be subject to the same penalties" was substituted for "is punishable by imprisonment or fine or both which may not exceed the maximum punishment."  21 U.S.C. § 846.

-5-

Stover was also convicted under 21 U.S.C. § 843(b).[3]  This federal statute states in applicable part that "[i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of [title 21]."  21 U.S.C. § 843(b).  The penalty for violating this federal law is found under 21 U.S.C. § 843(d), which states in relevant part, "any person who violates [§ 843] shall be sentenced to a term of imprisonment of not more than 4 years, a fine under title 18, United States Code, or both."  21 U.S.C. § 843(d)(1).

Moreover, the federal drug laws have recently been upheld as a constitutional exercise of Congress' power under the Commerce Clause.  *See Gonzales v. Raich*, 545 U.S. 1, 22 (2005) (plurality opinion) (concluding that Congress may regulate the mere possession of marijuana as affecting "commerce").  Thus, trial counsel was clearly not deficient under the *Strickland* standard for not raising Stover's frivolous "positive law" challenge to the indictment.

Further, the right to appellate representation does not include a right to present frivolous arguments to the court.  *Strickland*, 486 U.S. at 436.  In fact, an attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal."  *Smith v. Robbins*, 528 U.S. 259, 272 (2000) (quoting *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429 (1988)).  Hence, the refusal of Stover's appellate counsel to advance a frivolous "positive law" argument does not constitute a *Strickland* deficiency.  Similarly, the prosecutor's decision to prosecute Stover under 21 U.S.C. §§ 846, 843, and 841 in no way constitutes prosecutorial misconduct.

---

[3]Stover's 2255 Motion references a charge contained in Count 95 of his criminal indictment, a money laundering charge brought pursuant to 18 U.S.C. § 1956(h).  (See Civil Case ECF No. 1, ¶ 4.) Stover was found not guilty on the money laundering charge.  (See Criminal Case ECF Nos. 332, 395-2.) Thus, this charge is irrelevant to Stover's sentence (and, accordingly, his 2255 Motion).

-6-

Stover's additional arguments of ineffective assistance of appellate counsel are also unavailing.  Stover claims that the Court erroneously "allow[ed] a prosecutor to attest to prior conviction [sic]," that his sentence was "enhanced on unsworn testimony as to prior conviction," and that the Court wrongly "permitted me to make statements during sentencing that amount to confession of prior(s) [sic] that violated my right to not self-incriminate."  (Civil Case ECF No. 2.) Stover's prison sentence was enhanced to a statutorily mandated 20 years pursuant to the following language from 21 U.S.C. § 841(b)(1)(A): "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment."  21 U.S.C. § 841(b)(1)(A).

The Supreme Court's *Apprendi* and *Booker* line of cases generally instructs that facts which increase a defendant's sentence must be proved beyond a reasonable doubt to a jury. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005). The so-called "prior conviction exception" first expressed in *Almendarez-Torres v. United States*, 523 U.S. 224, 239, 243-47 (1998), however, means that Stover's prior felony drug conviction – upon which the additional ten year statutory enhancement was based – only needed to be proved to the Court, and only by a preponderance of the evidence.  *See, e.g.*, *United States v. Wyatt*, 189 Fed. Appx. 418, 420 (6th Cir. 2006) (enhancing a gun-related penalty based on judicial fact-finding, because "pursuant to the prior conviction exception, a district court can find the fact of [a prior conviction to enhance a statutory penalty] under a preponderance-of-the-evidence standard.") (citing *United States v. Adams*, 265 F.3d 420, 425 (6th Cir. 2001)).

-7-

The Sixth Circuit has indicated that the judgment from the previous conviction may be sufficient evidence to establish the fact of a defendant's prior conviction. *See, e.g.*, *United States v. Stone*, 2007 U.S. App. LEXIS 4888, *44 n. 2 (6th Cir. 2007) (explaining that even if certain expert testimony was not considered at a hearing on the fact of the existence of the defendant's prior conviction, the government had offered sufficient additional evidence in the form of an eyewitness to the prior offense and the judgments entered by the previous court). At sentencing, the Court had ample evidence of Stover's 1981 felony conviction for trafficking in marijuana upon which to base the sentence enhancement, including the government's § 851 information which Stover did not challenge.[4] At the sentencing hearing, the defendant did not dispute or challenge the fact that he had been convicted on January 29, 1981, for trafficking in marijuana in Ashland County, Ohio. His only objections were: (a) that the jury did not determine the prior conviction, and (b) that the prior drug trafficking felony should not count because Stover served his sentence in the Mansfield Reformatory. The Court overruled both objections.[5] Therefore, Stover's sentence enhancement pursuant to his prior drug felony conviction was sufficiently established to the Court, and the refusal of Stover's appellate counsel to raise this (meritless) argument was well within reasonable professional norms. Additionally, Stover has not (and can not) show that but for his appellate counsel's refusal to raise this issue on appeal the outcome of his appeal would have been different. Therefore Stover cannot satisfy the *Strickland* factors, and his claim for ineffective assistance of appellate counsel fails.

---

[4]Indeed, while Stover protests the Court's "allowing" the government to attest to Stover's prior conviction, 21 U.S.C. § 851 <u>requires</u> the prosecutor to file an information of prior conviction before sentencing if the government intends to seek a sentence enhancement based on a prior conviction. The prosecutor filed the requisite information. *See* Civil Case ECF No. 308.

[5]*See* Criminal Case ECF No. 439, April 12, 2005 Sentencing Hr'g Tr. at 3-4, 8-10.

## III.  CONCLUSION

Consequently, Stover cannot prevail on his 2255 Motion, since he is unable to demonstrate a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Nagi*, 90 F.3d at 133-34 (quoting *Gall*, 21 F.3d at 109).

Accordingly, Stover's 2255 Motion **(Civil Case ECF No. 1; Criminal Case ECF No. 516)** is **DENIED**, and his Civil Case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster        March 27, 2007*
**Dan Aaron Polster**
**United States District Judge**