**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BART STOVER,** ) | **CASE NOS. 1:04CR298** |
| ) | **1:12CV914** |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Before the Court is Petitioner Bart Stover's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "2255 Motion"). **(Case No. 1:12cv914 ("Civil Case") ECF No. 1; Case No. 1:04cr298 ("Criminal Case") ECF No. 584.**

Bart Stover was originally charged with several offenses in a nine-count indictment filed on June 8, 2004. (Criminal Case ECF No. 1.). Following a jury trial, he was found guilty on Count 1, Conspiracy to Possess with the Intent to Distribute Marijuana and Cocaine, and Count 45, Use of a Communication Facility to Facilitate the Commission of Drug Trafficking Offense, Aiding, and Abetting. (Criminal Case ECF No. 395-2.) The Court sentenced Stover to 240 months of incarceration on Count 1 and 48 months of incarceration on Count 45, the sentences to run concurrently, followed by 10 years of supervised release. (Id.)

In his first § 2255 petition, filed in February 2007, Stover challenged the constitutionality of his convictions, claiming that ineffective assistance of counsel and prosecutorial misconduct occurred, and that he was sentenced under an unconstitutional statutory provision. On March 27, 2007, the Court denied the petition, holding that Stover is unable to demonstrate a fundamental

defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d at 133-34 (6th Cir. 1996) (internal quotations and citation omitted). The Court of Appeals subsequently denied Petitioner's application for a certificate of appealability.

Petitioner then filed in this Court a "motion to correct an error in judgment pursuant to Fed. R. Crim. P. 36 and/or 28 U.S.C. § 2241 or 2255, 60(b)." This Court construed the motion as a successive § 2255 petition. The Court of Appeals agreed with that finding and denied Petitioner permission to file the successive § 2255 petition. The Court of Appeals later denied his request for rehearing en banc.

Petitioner's instant motion is, once again, brought under 28 U.S.C. § 2255 petition. It is therefore a garden-variety successive § 2255 petition. Before this Court can rule on a successive § 2255 petition, Petitioner must receive authorization from the Court of Appeals. 28 U.S.C. § 2255(h); In re Sim, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court hereby directs the Clerk of Court to **TRANSFER** the instant petition **(ECF No. 584)** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for authorization to file a second or success petition under 28 U.S.C. § 2255(h).

SO ORDERED.

*/s/Dan Aaron Polster 4/26/12*
Dan Aaron Polster
U.S. District Judge

-2-